UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RYAN SCAILS,

                               PLAINTIFF,         **SECOND AMENDED COMPLAINT**

-AGAINST-                             **13 CV 4382 (NGG) (JO)**

NEW YORK CITY, POLICE OFFICER FERNANDO
LOPES AND POLICE OFFICER KEITH DSOUZA,
individually, and in their capacities as members of the New
York City Police Department.

                              DEFENDANTS.

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

1. This is a civil action in which plaintiff, Mr. Ryan Scails ("Mr. Scails"), seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about July 5, 2012, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Scails to *inter alia* use of excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Scails, is a United States citizen and currently resides at 19 Delavan Street, Apartment 3Q Brooklyn, NY 11231.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Fernando Lopes, shield number 13303, ("PO Lopes) and Police Officer Keith Dsouza ("PO Dsouza"), at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Scails is a 25-year old African American, studying Sculpture and Design at Cooper Union on a scholarship.

11. On July 4, 2012, Mr. Scails was celebrating American Independence Day with a group of friends in the Ice House bar in Red Hook.

12. At approximately 12:00 am on July 5, 2012, Mr. Scales left the bar and started to walk home along Van Brunt Street.

13. Mr. Scails desperately needed to urinate so went down a side street to relieve himself.

14. Mr. Scails saw a police car drive past and started to run.

15. The police car followed Mr. Scails.

16. When the police car put on its flashing lights Mr. Scails stopped running.

17. Mr. Scails stopped and waited for the police officers.

18. PO Lopes got out of the police car and rushed towards Mr. Scails.

19. PO Lopes immediately pushed Mr. Scails in the chest.

20. Mr. Scails fell back onto the floor.

21. Mr. Scails was lying on his back, with his hands under his body.

22. PO Lopes got on top of Mr. Scails and started punching him about his body.

23. PO Dsouza then began to strike Mr. Scails with his baton.

24. PO Dsouza struck Mr. Scails several times, including on the right side of his torso and on the right side of his head.

25. Mr. Scails started to bleed profusely from a deep cut behind his right ear.

26. There was blood all over Mr. Scails' shirt.

27. PO Lopes and PO Dsouza stopped beating Mr. Scails and handcuffed him behind his back.

28. Several other police officers then arrived on the scene.

29. The other police officers taunted Mr. Scails and made derogatory remarks about the clothes he was wearing.

30. An ambulance then arrived on the scene.

31. Mr. Scails was extremely upset at this point and began to cry.

32. Upon information and belief, passers-bye saw the incident unfold and called 911.

33. Mr. Scails was taken in the ambulance to the Lutheran Medical Center.

34. Mr. Scails was handcuffed to the stretcher at the hospital, where he received stitches to the cuts behind his ear and on his leg.

35. After approximately three hours at the hospital Mr. Scails was taken to the 76th Precinct, where he was held overnight.

36. On the morning of July 5, 2013, Mr. Scails was taken to Red Hook Community Center and was charged with resisting arrest, disorderly conduct and throwing or dropping offensive material onto streets and public areas.

37. Mr. Scails was granted an Adjournment in Contemplation of Dismissal. .

38. Mr. Scails continues to feel traumatized by the events of July 5, 2012, and is wary and fearful when he sees police officers.  Mr. Scails takes efforts to avoid police officers when in public.

39. Mr. Scails suffered numerous physical injuries as a result of the incident, including, *inter alia,* a deep cut behind his ear, a deep cut on his leg, as well as bruising, cuts and scrapes to his head and the right side of his torso

40. Ms. Scails has suffered a great deal following the incident and continues to feel fear, embarrassment, humiliation, emotional distress, frustration, anxiety and physical pain.

## FIRST CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

41. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

42. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

43. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

44. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

45. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

46. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

47. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

48. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in plaintiff suffering a deprivation of liberty and a violation of his rights.

49. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

50. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal to or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;
>
> Awarding plaintiff punitive damages in an amount to be determined by a jury;
>
> Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;
>
> And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
April 14, 2015

By:   /s/
Duncan Peterson (DP 7367)

PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075